IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA SINICK,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-6294 |
| | : |
| PHILA POLICE DEPT<br>14TH DISTRICT,<br>    Defendant. | :<br>:<br>: |

**MEMORANDUM**

**WEILHEIMER, J.**                                                         NOVEMBER 17, 2025

*Pro Se* Plaintiff Amanda Sinick brings this civil action, naming the "Phila[delphia] Police Dep[artmen]t 14th District" as the lone Defendant. (*See* ECF No. 2.) She also seeks leave to proceed *in forma pauperis* and asks the Court to redact certain information from the docket in this case. For the following reasons, the Court will grant Sinick's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and her Motion to Redact (ECF No. 6), and dismiss her Complaint (ECF No. 2) without prejudice to amendment.

**I.    FACTUAL ALLEGATIONS[1]**

Sinick's form Complaint contains few factual allegations. Sinick states that she "was unlawfully arrested [on] November 6, 2023 due to an improperly served restraining order," and the case was dismissed. (Compl. at 4.) Sinick states that she "was unlawfully arrested again [on] Jan[uary] 30, 2025, after being the victim of a violent crime in a Phila[delphia] corner store." (*Id.*) She states that "minors were present" during this incident and that "one child [went]

---

[1] The facts set forth in this Memorandum are taken from Sinick's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

missing in police systems for over 6 months." (*Id.*) She asserts that the "criminal case was dismissed in April 2025." (*Id.*)

Sinick appears to assert that she was injured by the Police Department's "failure to investigate," "failure to treat all crimes like crimes," "failure to arrest," and "two unlawful arrests." (*Id.*) She states that she has suffered emotional and psychological damage, and she does not specify the relief she seeks. (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Sinick leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Sinick's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also*

2

*Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Sinick is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

#### A. The Complaint

Sinick's Complaint must be dismissed because she has not named a proper defendant.

3

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988))). Therefore, the Philadelphia Police Department 14th District is not a proper defendant in this case under Section 1983 and is dismissed.[2]

Moreover, Sinick's Complaint fails to state a claim to relief because it contains only vague and conclusory allegations. Sinick labels her arrests "unlawful" and asserts that she was "improperly served [with a] restraining order" (Compl. at 4), but those are legal conclusions, not

---

[2] Although Sinick did not name the City of Philadelphia as a defendant, her Complaint fails to state a claim for municipal liability in any event. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). "A plaintiff must also allege that the policy or custom was the 'proximate cause' of [her] injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013). Sinick does not allege that she was injured by any policy or custom.

factual allegations.[3] At the pleading stage, the Court cannot reach any legal conclusion unless a plaintiff states sufficient factual allegations to support that conclusion. *See Iqbal*, 556 U.S. at 678; *Martinez v*, 986 F.3d at 266. Sinick provides no relevant details about these incidents and does not connect the behavior of any person to her alleged injuries. She has therefore not presented any "cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94. Mindful of Sinick's *pro se* status, the Court will provide her an opportunity to file an amended complaint and explain the "who, what, where, when, and why" of her claims. *Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) (*per curiam*).

### B. Motion to Redact

Sinick has filed a Motion requesting that certain information be redacted from the docket in this case. (*See* ECF No. 6.) The Court will grant Sinick's Motion and direct the Clerk of Court accordingly. However, Sinick should be aware that, as a general matter, documents filed in this Court are public and not private. *See United States v. Janssen Therapeutics*, 795 F. App'x 142, 145-46 (3d Cir. 2019) ("A common law right of access attaches to judicial proceedings and records and encompasses the right to inspect and copy public records and documents, including

---

[3] To the extent that Sinick seeks relief based on the Police Department's alleged "failure" to investigate or arrest another person (Compl. at 4), she cannot state a claim to relief. It is well established that "there is no constitutional right to the investigation or prosecution of another." *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) (*per curiam*); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

5

judicial records and documents." (quoting *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (cleaned up))). Vague and unsupported allegations are insufficient to justify sealing a case in whole or in part. *See In re Avandia.*, 924 F.3d at 673.

Sinick should be mindful of these points and that her submissions in this case are subject to the Federal Rules of Civil Procedure and Local Rules of this Court. In any future submissions, Sinick must redact or partially modify any sensitive personally identifying information of herself and others, including but not limited to Social Security numbers, dates of birth, financial account numbers, and names of minor children.[4] *See* L. R. Civ. P. 5.1.3; *see also Ricketts v. Titusville Area Sch. Dist.*, 150 F.4th 634, 635 (3d Cir. 2025) (*per curiam*) ("[T]he Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and our Local Rules mandate that the names of all minor children be redacted or replaced by initials in all documents filed with the court, . . . and failure to comply with such rules may be grounds for sanctions."

---

[4] The Court also notes that Sinick included what appear to be the initials of minor children in the caption of her Complaint as plaintiffs, but the Court cannot discern if she intended to advance claims on behalf of anyone other than herself. (Compl. at 2.) Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). "[A] non-lawyer appearing *pro se* [is] not entitled to play the role of attorney for [her] children in federal court." *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991). "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *Twp. of Lyndhurst v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (citations omitted)). Courts have found specifically that parents lack standing to bring claims for their minor children. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").

(citing Fed. R. Civ. P. 5.2(a)(3); Fed. R. App. P. 25(a)(5), 46(c); Third Circuit L.A.R. 113.12(a)(2))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Sinick leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915. Sinick may file an amended complaint. An appropriate order will be entered separately.

BY THE COURT:

_____
GAIL A. WEILHEIMER, J.